RUSSELL, Respondent, vs. ANDRAE, Appellant.

*February 23 — March 21, 1893.*

*Agency: Sale of lands: Violation of instructions by subagent: Waiver: Estoppel.*

Defendant, as agent for the sale of land at a certain price, employed plaintiff to find a purchaser, agreeing to pay him one third of the commissions. Plaintiff employed one M. to assist him. The land was sold by the owner himself, at the price fixed, to purchasers who had first applied to M., but from whom M. had asked a greater price. The owner paid to defendant the stipulated commission on the sale. *Held* that, the owner having by such payment waived the violation by M. of his instructions as to price, such waiver estops defendant from asserting that violation as a defense to this action by plaintiff for his share of the commission. *Russell v. Andrae,* 79 Wis. 108, followed.

APPEAL from the Circuit Court for *Columbia* County. The facts are sufficiently stated in the opinion. The defendant appeals from a judgment in favor of the plaintiff.

For the appellant there was a brief by *Raymond, Lamoreux & Park,* attorneys, and *Geo. W. Bird,* of counsel, and oral argument by *B. B. Park* and *Mr. Bird.*

For the respondent there was a brief by *Cate, Jones & Sanborn,* and oral argument by *D. Lloyd Jones.*

Orton, J.   The statement of this case and the opinion in it will be found in 79 Wis. 108, when it was here before on appeal from the judgment of peremptory nonsuit, substantially on the same facts.   The judgment was reversed, and the cause remanded for a new trial.   On the last trial the jury found a special verdict in favor of the plaintiff on all the material issues, and judgment was rendered in his favor in the sum of $1,337.10 damages, and for $114.51 costs; and the defendant has appealed from the same.

The only facts necessary to be restated are as follows: One Duncan McGregor owned pine lands which he wished to sell at the price of $30,000, and he employed the defendant as his agent to sell the same at that price, for a commission of ten per cent. thereon.   The defendant employed the plaintiff to find a purchaser of the land at that price, and for his services agreed to share with him in said commission, by paying him one third thereof.   The plaintiff employed one J. P. Malick to assist him in finding such a purchaser, and Malick had an advertisement of the proposed sale inserted in the Milwaukee Sentinel.   The firm of Ring & Youmans saw this advertisement, and, supposing that Malick owned the land, called on him, and obtained an option of purchase at the price of $37,500.   But in the mean time, having found out that the said McGregor was the owner, they went to him personally, and bought the land of him at the price of $30,000.   Thereupon McGregor paid the defendant, for his services in selling the land, his said commission of ten per cent., or $3,000.   The defendant did nothing personally towards selling the land excepting to employ the plaintiff.   All that was done by any one in selling the land or finding a purchaser for it, except McGregor, the owner, was done by the plaintiff through his assistant, Malick.   The plaintiff demanded of the defendant the payment of the one third of the said

Russell vs. Andrae.

commission he had received, or $1,000; and he refused to pay the same, and hence this suit.

It is alleged in the complaint that "said McGregor paid the defendant the sum of $3,000 for his services in making said sale;" and this allegation is not denied in the answer. There was some testimony tending to show that the payment of $3,000 by McGregor to the defendant was not for his services in selling the land, but for other considerations. But this testimony was objected to by the plaintiff's counsel as incompetent under the pleadings. It was error for the court to admit such evidence, because the defendant admitted the fact in his answer by not denying it. There was no such issue in the case. But from the standpoint of the court's ruling the question was submitted to the jury, and they found that "the sum of $3,000 was paid by McGregor to *Andrae* [the defendant] as and for commission for selling said lands to Ring & Youmans;" so that, both by the defendant's admission in his answer and by the testimony, that fact is a verity in the case. It follows, therefore, that this case on appeal is governed and ruled by the decision on the former appeal.

It is contended here, as on the former appeal, that Malick not only did nothing in finding a purchaser, but violated the instructions of McGregor by asking of Ring & Youmans $37,500 for the land, instead of $30,000, his fixed price. The following extract from the opinion of the present chief justice, on the former appeal, is conclusive of the case on this appeal: "Had *Andrae* brought an action against McGregor to recover his commissions, the rule would have been applicable, and Malick's violation of McGregor's instruction would be imputed to *Andrae*, and would defeat a recovery. But such violated instruction was the instruction of McGregor, not *Andrae*, and McGregor alone was liable to be injured by its violation. He

alone was in a position to assert it as a defense to any claim for commissions. It was also competent for him to *waive* the violation of his instruction, and he did *waive* it by paying *Andrae* the stipulated commission which *Russell* [the plaintiff], through Malick, had earned for him. Such waiver binds *Andrae*, *Russell*, and Malick. It estops *Andrae* [the defendant] from asserting such violation of McGregor's instruction as a defense to this action, and will estop *Russell*, after he receives his commission, from asserting it in an action brought by Malick to recover his stipulated share of such commission. The opposite rule would allow *Andrae* to retain money received by him for *Russell's* services, through Malick, which he had agreed to pay *Russell*, because the latter had violated an instruction of McGregor, which violation McGregor had fully waived, as he lawfully might. The injustice of such a rule is obvious, and it is rejected without hesitation." This extract completely covers and disposes of this case. The defendant, having received the commissions which were exclusively earned by the plaintiff, must now pay him his stipulated share of such commissions, and he is estopped to deny, either that the plaintiff did not earn them, or that he violated the instructions of McGregor. This disposes of all the defense the defendant has made, or can make, to this action. All other questions raised on this appeal are immaterial.

*By the Court.*— The judgment of the circuit court is affirmed.